# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE DANIEL JAMES TALLEY,<br><br>　　Petitioner<br><br>v.<br><br>D.W. NEVENS, et al.,<br><br>　　Respondents | Case No.: 2:16-cv-00957-APG-VCF<br><br>**Order** |

  I dismissed Nevada state prisoner Maurice Daniel James Talley's habeas corpus petition with prejudice in May 2018, and judgment was entered. ECF Nos. 22, 23. Talley filed an untimely notice of appeal, and the Ninth Circuit Court of Appeals denied a certificate of appealability. ECF Nos. 24, 28. Three years after the court of appeals' decision, Talley filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] As discussed below, I deny the motion.

  Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).  A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

  Rule 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Habeas corpus petitioners cannot "utilize a Rule

---

[1] Apparently concerned that the court had not received his electronically filed motion, Talley filed the same Rule 60(b) motion three separate times at ECF Nos. 31, 33, 34.

60(b) motion to make an end-run around the requirements of AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538, 547 (1998); *see also United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir.2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254.").

AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes "second or successive" habeas corpus petitions unless the petitioner meets certain narrow requirements. *See* 28 U.S.C. § 2244(b). The statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. *Id.* § 2244(b)(2)(A)-(B); *see also Gonzalez*, 545 U.S. at 529–30. In *Gonzalez*, the Court held that a legitimate Rule 60(b) motion in a habeas action "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 530, 532.

Here, Talley re-raises his challenges to his conviction pursuant to a guilty plea; these mainly involve his and his mother's allegations regarding security camera footage. He does not attack the integrity of the federal habeas proceedings; he re-argues the merits of his petition. Thus, this filing is not a Rule 60(b) motion but instead is a second or successive habeas corpus

petitions, which is proscribed under AEDPA. 28 U.S.C. § 2244(b).[2] Therefore, Talley's motion is denied.

I THEREFORE ORDER that petitioner's three Rule 60(b) motions for relief from judgment **(ECF Nos. 31, 33, 34) are all DENIED**.

I FURTHER ORDER that petitioner's two motions for status check **(ECF Nos. 32, 35) are both DENIED as moot**.

I FURTHER ORDER that a certificate of appealability is denied.

Dated: April 4, 2022

_____
U.S. District Judge Andrew P. Gordon

---

[2] Notably, Talley states that the Ninth Circuit denied him leave to file a second or successive petition. 28 U.S.C. § 2244(b)(3); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).